**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MAURICE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO. 2:07-CV-221 PS |
| | ) |
| JPMORGAN CHASE BANK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In July 2005, JPMorgan Chase Bank ("JPMorgan") was about to foreclose on Maurice

Brown's home for defaulting on his mortgage, but Brown beat them to the punch; he filed a

Chapter 13 bankruptcy petition before the Lake Superior Court could order a decree of

foreclosure. Since no one informed the state court of his petition, the court entered the

foreclosure decree anyway. JPMorgan knew it couldn't foreclose on Brown while the automatic

stay was in place, but neither it nor Brown sought to have the foreclosure order vacated. For

whatever reason, by March 2007, it had occurred to JPMorgan to have the state court judgment

vacated. Its motion to vacate the judgment stated that it "ha[d] just discovered" that the

automatic stay was in place at the time the decree of foreclosure was entered, even though it had

notice of the bankruptcy dating back to August 2005. Brown then decided to make a federal

case out of it, and filed this lawsuit alleging that JPMorgan and some of its highest executives

conspired to lie to the state court about recently discovering that the judgment was void. Brown,

who is black, alleges that this conspiracy was motivated by racial hate. Because Brown did not

suffer any harm from JPMorgan's motion for vacatur, the Complaint fails to state a claim upon

which relief can be granted.

## I. BACKGROUND

According to the Amended Complaint, JPMorgan filed a suit against Maurice Brown in state court.  (Am. Compl. ¶ 1.)  The suit sought foreclosure of Brown's home.  (*Id*.)  On July 29, 2005, Brown filed a Chapter 13 bankruptcy petition. (Am. Compl. ¶ 2; Am. Compl. Ex. B), making  Brown's estate subject to the automatic stay provisions of the Bankruptcy Code.  But the Lake Superior Court entered a judgment and decree of foreclosure against Brown on August 1, 2005 – three days after Brown filed his Chapter 13 petition.  (Am. Compl. Ex. A.)  Brown alleges that JPMorgan knew about his bankruptcy petition as of August 3, 2005, when the company received notice of a creditor's meeting through the bankruptcy court's electronic filing system.  (Am. Compl. ¶ 3; Am. Compl. Ex. B.)  An attorney for JPMorgan filed an appearance in the bankruptcy case on August 25, 2005.  (Am. Compl. Ex. C at 1.)

Plaintiff alleges that JPMorgan's procurement of the August 1, 2005 foreclosure judgment violated the automatic stay.  (Am. Compl. ¶ 30.)  He asserts that JPMorgan then continued to violate the stay for twelve months thereafter.  (*Id*.)  But nothing in the complaint indicates that JPMorgan attempted to execute the judgment of foreclosure during the time that the stay was imposed.  And in his original complaint, Brown admitted that JPMorgan "would normally sell my home at sheriff's sale *but did not because of the automatic-stay coming into effect* on 7/29/05."  (Compl. at 2 (emphasis added).)

According to Brown, his Chapter 13 case was dismissed on August 31, 2006.  (Am. Compl. ¶ 6.)  On September 1, 2006, JPMorgan filed a motion informing the bankruptcy court that Brown was in default on his mortgage and asking the bankruptcy court to lift the automatic stay and abandon Brown's residence from the bankruptcy estate so that JPMorgan could

foreclose on it.  (Am. Compl. Ex. D.)  The Amended Complaint does not disclose whether this

motion was granted, or whether foreclosure ever occurred.

On March 12, 2007, JPMorgan went back to state court and moved to have the July 29,

2005 foreclosure decree vacated.  (Am. Compl. Ex. E.)  The motion stated:

> Plaintiff [JPMorgan] has just discovered that at the time its said Decree of Foreclosure
> was entered, a Chapter 13 Bankruptcy Case was filed July 29, 2005 for the defendant,
> Maurice C. Brown, as Case #05-64100 in the Northern District of Indiana, and since the
> automatic stay was in effect on August 1, 2005 when said Decree was entered, said
> Decree should be vacated and set aside.

(*Id*.)  The motion was granted the following day.  The state court's order reads:

> IT IS THEREFORE ORDERED by the Court that the judgment and Decree of
> Foreclosure entered in this cause of action on August 1, 2005, be, and the same hereby is,
> vacated, set aside, and declared null and voice; and the cancellation of said Note and
> Mortgage is also vacated and declared null and void and the plaintiff's Note and
> Mortgage herein are hereby stated as a lien on the real estate involved herein, having the
> same priority as if said Note and Mortgage had not been canceled.  The above-entitled
> cause of action shall remain pending indefinitely pending the bankruptcy.

(DE 50 at 2.)

Brown alleges that JPMorgan made misrepresentations in its motion to vacate the

foreclosure decree.  He asserts that JPMorgan could not have "just discovered" that the

foreclosure decree was entered after the filing of the bankruptcy case, because it had notice of

the case as of the time it was filed.  (Am. Compl. ¶¶ 11-12.)  According to Brown, this statement

was the product of a nearly two-year conspiracy on the part of JPMorgan, its top executives, and

employees of Brown's mortgage company, to deprive him of his civil rights because he is black.

(*Id*. ¶¶ 10-21.)  Brown also alleges that he was further injured by virtue of the fact that the

certificate of service accompanying the motion to vacate was not signed by JPMorgan's attorney,

and by virtue of the fact that he did not receive service of the motion until 36 days after it was

filed.  (*Id*. ¶¶ 22-26.)

Brown now sues for relief under 42 U.S.C. § 1985(3), which provides a private right of action for damages for injuries caused by a conspirator to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  He also claims that JPMorgan violated the automatic stay by maintaining its state court suit after he had filed his bankruptcy petition.  He further claims that JPMorgan committed perjury by claiming that it "just discovered" Brown's bankruptcy filing, and that it violated Indiana Trial Rule 5 by instructing its attorney to file the motion to vacate without signing the certificate of service.  He seeks $200,000 in actual damages, and one million in punitive damages.  (*Id*. ¶ 60.)

JPMorgan moved to dismiss the Plaintiff's original complaint.  (DE 10.)  Although Plaintiff filed an amended complaint on October 17, 2007[1], Magistrate Judge Rodovich ruled that JPMorgan's original motion to dismiss remained pending.  (DE 29 at 1 (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading.")).)  To ensure that I had jurisdiction to consider this case, on January 7, 2008, I ordered the parties to brief the issue of whether the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction.

---

[1] In addition to JPMorgan, the amended complaint names Jamie Dimon, Steven D. Black, Michael J. Cavanagh, William T. Winters, and "Jane or John Doe persons," though he does not describe how each was involved in the alleged conspiracy.  The Court takes judicial notice of the fact that Dimon is Chairman and CEO of JPMorgan, and Black, Cavanagh, and Winters are senior executives with the company.

## II. DISCUSSION

### A. *Rooker-Feldman* Doctrine

Having asked the parties to brief the issue, I address at the outset whether the Court lacks

subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Although Brown's Complaint

deals with JPMorgan's litigation conduct in the state court foreclosure action, this case is not

barred by *Rooker-Feldman* because the orders are interlocutory.  In *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court determined that *Rooker-Feldman*

"is confined to cases of the kind from which the doctrine acquired its name:  cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those

judgments."  *Id*. at 284.  Thus, since *Exxon*, it has been clear that "[t]he doctrine only applies to

cases like *Rooker* and *Feldman* where 'the losing party in state court filed suit in federal court

*after the state proceedings ended*,'" and an interlocutory ruling does not invoke the doctrine.

*TruServ Corp. v. Flegles, Inc.*, 419 F.3d 684, 591 (7th Cir. 2005) (quoting *Exxon*, 544 U.S. at

291 (emphasis added)).

In this case, JPMorgan has failed to demonstrate that the state court case ended before

Brown filed this action.  In fact, the March 13, 2007 order states that the foreclosure action "shall

remain pending indefinitely pending the bankruptcy."  Because there has been no demonstration

that Brown is attempting to relitigate a final judgment from the state court, the case is not barred

by the *Rooker-Feldman* doctrine.

**B. Failure to State a Claim**

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Last term, the Supreme Court addressed the pleading standards in the context of a motion to dismiss.  *See Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  Prior to *Twombly*, the standard had basically remained static for nearly fifty years. In *Twombly*, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.  In so holding, *Twombly* retired the oft quoted statement from *Conley v. Gibson,* 355 U.S. 41 (1957) that a complaint survives a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1968-69 (*quoting Conley*, 355 U.S. at 45-46).

Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

6

Plaintiff claims that Defendants conspired to: 1) deprive him of the equal protection of the Bankruptcy Code by obtaining a foreclosure judgment after he filed his Chapter 13 petition; 2) "deprive plaintiff of the Indiana perjury law" by falsely asserting that they "just discovered" that Plaintiff had filed for bankruptcy; 3) violate Indiana Trial Rule 5 by filing an undated and unsigned certificate of service along with the motion to vacate the foreclosure.  To state a claim under 42 U.S.C. § 1985(3), a plaintiff must demonstrate (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection of the laws; (3) an act in furtherance of a conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.  *Hernandez v. Joliet Police Dep't.*, 197 F.3d 256, 263 (7th Cir. 1999).

First, Brown's claims that Defendants conspired to deprive him of the state law against perjury and a state procedural rule are not actionable under § 1985(3).  A claim under § 1985(3) must fall into one of three categories:  1) racially motivated private conspiracies to deprive persons of rights secured to all by federal law; 2) racially motivated private conspiracies to deprive persons of rights secured to all by state law, where the deprivation interferes with the exercise of a federally protected right; 3) racially motivated conspiracies to deprive persons of rights secured only against governmental action, provided that the defendants are either "state actors" or are seeking to influence the state to act in a prohibited way.  *Stevens v. Tillman*, 855 F.2d 394, 404 (7th Cir. 1988) (citations omitted).  Where the rights at issue are secured only by state law, the plaintiff must show that the offense deprives him of a right secured by a federal rule designed for the protection of all.  *Id*.  For example, a cross-burning by Ku Klux Klan would

7

be a trespass and assault under state law, but the threat of violence could induce its targets to

refrain from exercising federally-assured rights to travel or vote. *Id.*

In this case, the Complaint does not indicate that JPMorgan's so-called perjury somehow

implicated Brown's federal rights. Indeed, inasmuch as perjury occurs when a knowingly "false

. . . material statement [is] made under oath or affirmation," Ind. Code § 35-4-2-1, the

representation by JPMorgan's counsel that the company "just discovered" that the automatic stay

was not perjury. The statement was made by counsel, not by the company itself under oath. It

was not a material statement. And because the statement "Plaintiff has just discovered" could

plausibly be read to mean that through some oversight, it had just come to the attention of

JPMorgan, one of the largest banking institutions in the country, that Brown's bankruptcy

petition was filed *before* the foreclosure decree rather than *after*, it was plainly the product of

imprecise drafting rather than a knowing lie. Moreover, Indiana Rule of Trial Procedure 5 is a

procedural rule for state court actions.  It does not provide a private right of action for violations

of the rule, nor does a violation of the rule implicate federal rights guaranteed to all.

Second, even if the Court were to assume that § 1985(3) encompasses conspiracy to deny

a plaintiff of the protections of the Bankruptcy Code, Plaintiff cannot demonstrate that he was

actually damaged by such a conspiracy. The fact that the Lake Superior Court's August 1, 2005

foreclosure order was issued after the automatic stay took effect rendered the order void, *Middle*

*Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001), though

neither Plaintiff nor JPMorgan bothered to inform the court of that fact until a year and a half

later. Plaintiff acknowledged in his initial complaint that JPMorgan did not try to foreclose

8

while he was in bankruptcy.  And the Amended Complaint does not explain how JPMorgan's

March 2007 motion to set aside an already-void order harmed him.

## C. Motion to File an Amended Complaint

On December 27, 2007, Plaintiff moved for leave to amend his complaint a second time.

(DE 43.)  Fed. R. Civ. P. 15(a) states that after a party has already amended a pleading once, he

may only amend it again after obtaining leave of court.  Leave of court is to be "freely given

when justice so requires."  *Id*.  In this case, Brown's claims are so patently frivolous that they

cannot be cured merely by amending the complaint.  Therefore, his motion to amend his

complaint is denied.

## D. Sanctions

Defendants have moved for sanctions under Federal Rule of Civil Procedure 11.  Among

other things, Rule 11 requires parties to certify, to the best of their knowledge, that "the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law" and

that "the factual contentions have evidentiary support or, if specifically so identified, will likely

have evidentiary support after a reasonable opportunity for further investigation or discovery."

Defendants assert that "[n]o effort has been made to show the individuals named in his Amended

Complaint are in any way remotely involved in, or have knowledge of, the matters set forth

therein."  Although the Amended Complaint does not include any allegations that would explain

how JPMorgan's highest executives came to be involved in a conspiracy about his mortgage, and

although his claims are frivolous, in consideration of the fact that Plaintiff is proceeding without

the assistance of counsel, the Court in its discretion denies the motion.

9

### III. CONCLUSION

For the foregoing reasons, Defendant JPMorgan's motion to dismiss (DE 10) is

**GRANTED**.  Because the Court concludes that Plaintiff cannot amend his complaint to assert a

non-frivolous federal claim, his motion for leave to file an amended complaint (DE 43) is

**DENIED**, and his Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state

a claim.  JPMorgan's motion for sanctions (DE 33) is **DENIED**.  All other motions are **DENIED**

**AS MOOT**.

     **SO ORDERED**.

     ENTERED: March 13, 2008

                            s/ Philip P. Simon
                            PHILIP P. SIMON, JUDGE
                            UNITED STATES DISTRICT COURT